(December 17, 2013)

■ Vital Realty, LLC, Respondent, v Greenwich Insurance Company et al., Appellants. [976 NYS2d 385]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 13, 2012, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

In December 2008, a fire broke out at 1745 Amsterdam Avenue, in Manhattan, and allegedly damaged the adjacent apartment building located at 1741-1743 Amsterdam Avenue (the premises). The premises was owned by Vintage Realty, LLC and insured under a commercial property policy issued by defendant Greenwich Insurance Company, which policy included "Vital Equities" as a named insured. The policy also insured other properties owned by entities managed by the same person, including 1461 Amsterdam Avenue, a property then owned by plaintiff Vital Realty, LLC.

After the fire, Greenwich paid a property damage claim made by "Vintage Realty Llc [sic]-(Vital Equities)." In the ensuing subrogation action, defendants named "Vital Equities, LLC," a nonexistent entity, as the plaintiff and admitted ownership of the premises on behalf of that entity. Plaintiff alleges that defendants' negligent naming of nonentity Vital Equities, LLC as the plaintiff and admission of ownership in the subrogation action resulted in it being named as a defendant in an action relating to the fire. Notably, a motion to dismiss the complaint in that action was denied on the ground that the plaintiff in that action averred that plaintiff herein (Vital Realty, LLC) asserted that it owns the premises. Thus, plaintiff alleges that it has had to defend itself against a meritless action due to defendants' negligence.

Although plaintiff, as an existing entity, has the capacity and standing to sue on any viable claim it might have, its complaint

should be dismissed on the ground that it fails to state a cause of action against defendants. As a matter of law, defendants owed no duty of care to plaintiff in framing the subrogation complaint, nor could they reasonably have foreseen that the use in the subrogation action of an erroneous name (Vital Equities, LLC) similar but not identical to plaintiff's (Vital Realty, LLC) would prompt a third party to sue plaintiff for an incident in which it had no involvement. Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.